

# NUMBER 13-13-00290-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES PLEXICO,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

### On appeal from the 94th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant James Plexico appeals from his conviction for the offense of felony family violence assault. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B) (West, Westlaw through 2013 Legis. Sess.). Appellant pleaded guilty, and pursuant to a plea agreement, the trial court sentenced him to three years' deferred-adjudication community supervision. The State filed its first motion to revoke on June 6, 2012; appellant pleaded true to two of

the alleged violations, and the trial court sanctioned him to thirty days in jail but continued the community supervision. On October 16, 2012, the State filed its second motion to revoke, alleging further violations of appellant's community supervision conditions. Appellant pleaded true to the alleged violations in the second motion to revoke. The trial court then revoked his community supervision, adjudicated him guilty of the charged offense, and sentenced him to ten years' incarceration. Appellant filed a motion for new trial, which was denied by the trial court.

Concluding that an appeal would be frivolous, appellant's counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that he has diligently reviewed the record and the applicable law and concluding that, in his professional opinion, there are "no non-frivolous grounds of appeal" of appellant's conviction. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this

Court that he has:   (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an adequate period of time has passed, and appellant has not filed a pro se response.   *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   Accordingly, we affirm the judgment of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

(Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 6th
day of February, 2014.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.